**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF FLORIDA**

**US BANK, NATIONAL ASSOCIATION AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2002 MORGAN STANLEY DEAN WITTER CAPITAL I INC. TRUST 2002-NC2** }

**Debt Collectors [Plaintiffs]** }

**vs.** } **Case No.: 16cv395/MCR/CJK**

**DAVID WARREN GALVIN, JR. AND SUSAN E. GALVIN, ET. AL.** }

**Consumers [Defendants]** }

---

**NOTICE AND COMMUNICATION TO THE COURT CONCERNING DEBT COLLECTOR'S MOTION TO REMAND AND MEMORANDUM OF LAW IN SUPPORT DATED OCTOBER 25, 2016**

Consumers, Galvins, being uneducated in the law and unable to afford an attorney, mistakenly fought the debt collection purported as a foreclosure action in the private tribunal in Escambia County, Florida unaware of the federal court jurisdiction. Upon becoming aware that the illegal action of foreclosure taken by all of the debt collectors/attorney firms was actually a debt collection disguised as a foreclosure, consumers correctly removed the case from the private, state court system based on Federal question 28 USC 1331and 15 USC 1692i.

**FEDERAL QUESTION JURISDICTION**

Consumer subsequently learned that all attorney firms in this case have failed to bring the debt collection action in a judicial district and a court thereof as defined in 28 USC §132a pursuant to the

Filed 11 01'16 USDC Fln 3AM 09 08

FDCPA. Foreclosures are debt collections under the FDCPA per *Kaymark v. Bank of America, NA* 783 F. 3d 168 (3rd Cir.2015):

> Nowhere does the FDCPA exclude foreclosure actions from its reach. On the contrary, foreclosure meets the broad definition of "debt collection" under the FDCPA, *see McLaughlin,* 756 F.3d at 245 (defining "debt collection" as "activity undertaken for the general purpose of inducing payment"), and it is even contemplated in various places in the statute, see, e.g., 15 U.S.C. § 1692i (discussing procedures for "action[s] to enforce an interest in real property securing the consumer's obligation"); *Glazer v. Chase Home Fin. LLC,* 704 F.3d 453, 461 (6th Cir.2013) (explaining why "[f]oreclosure's legal nature... does not prevent it from being debt collection"). Udren would have us "create an enormous loophole in the [FDCPA] [by] immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt." *Wilson v. Draper & Goldberg, P.L.L.C.,* 443 F.3d 373, 376 (4th Cir.2006). We will not. Like the Court explained previously, "if a collector were able to avoid liability under the FDCPA simply by choosing to proceed *in rem* rather than *in personam,* it would undermine the purpose of the FDCPA." *Piper,* 396 F.3d at 236 (internal quotation marks omitted).

The foreclosure actions of all debt collectors/attorney firms in this case were advanced as an alleged "debt" as defined in 15 USC §1692a(5). All attorney firms in this case are debt collectors as defined in §1692a(6) and not a creditor(s) as defined in §1692a(4). Galvins are consumers as defined in §1692a(3) and a secured creditor as defined in §1692a(4).

Furthermore, all debt collectors/attorney firms alleged an obligation of the United States and represented documentation of interstate commerce, not an intra-state matter of any kind. All debt collectors/attorney firms have also used the US mails in its communications with the consumers in order to collect the alleged debt. Thus the consumer maintains this matter pertains to, and will only be adjudicated under Article III, of the US Constitution as the allegations of all debt collectors/attorney firms are of interstate commerce which the United States District Court has original jurisdiction per 28 USC §1331 and the debt collection laws of the FDCPA. See *Arbaugh v. Y & H Corp.,* 546 US 500 (2006) "…the Judicial Code gives federal courts subject-matter jurisdiction over all civil actions "arising under" the laws of the United States. 28 U. S. C. §1331."

**<u>TIMELINESS OF REMOVAL</u>**

There is no time limit for raising the question of subject matter jurisdiction which may be raised at any time as stated by court rules and the Supreme Court in *Kontrick v. Ryan*, 540 US 443 (2004):

> A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance. *Mansfield, C. & L. M. R. Co.* v. *Swan,* 111 U. S. 379, 382 (1884) (challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*); *Capron* v. *Van Noorden,* 2 Cranch 126, 127 (1804) (judgment loser successfully raised lack of diversity jurisdiction for the first time before the Supreme Court); Fed. Rule Civ. Proc. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Furthermore, since the state tribunal lacked jurisdiction over the interstate debt collection which falls under the federal law of the FDCPA, all actions and judgments in the state tribunal are VOID and must be properly vacated. As such there have been no lawful actions that may accrue any required time in which to respond. See *Schur v. LA Weight Loss Centers, Inc.*, 577 F. 3d 752 (7th Cir.2009) "Because the district court lacked jurisdiction to determine the merits of the dispute, we VACATE the district court's order striking Schur's second amended complaint;"

In addition, the newest debt collectors/attorney firm BRYAN CAVE, LLP have failed to follow Florida Rule 2.505, ATTORNEYS, (e) Appearance of Attorney. An attorney may appear in a proceeding in any of the following ways: (2) By substitution of counsel, but only by order of court and with written consent of the client, filed with the court. US Bank, National Association has never authorized a foreclosure action or the submitted substitution of attorney for any of the attorneys or law firms in this case. See the complete record submitted with the Removal, Claim and Counterclaim. Also See Exhibit A.

The law of this case is the FDCPA. There can be no remand. Consumers direct this court to their original Removal, Complaint and Counterclaim and remind this court that they are to abide by the Accardi Doctrine and to take:

**Judicial Notice:**

It is a familiar dictum that administrative agencies are obliged to follow their own regulations, even if those regulations are gratuitous, self-imposed procedural rules that limit otherwise discretionary decisions. See, e.g., United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 266-67 (1954); Service v. Dulles, 354 U.S. 363, 388 (1957); Vitarelli v. Seaton, 359 U.S. 535, 539-40 (1959); American Farm Lines v. Black Ball Freight Service, Inc., 397 U.S. 532, 538-39 (1970). This so-called "Accardi doctrine" is informed by principles of fundamental fairness and due process and, accordingly, it is of particular importance where the agency pronouncement at issue affects the rights of individuals. See Vitarelli, 359 U.S. at 539; Morton v. Ruiz, 415 U.S. 199, 235 (1974); Montilla v. INS, 926 F.2d 162, 167 (2d Cir. 1991); Massachusetts Fair Share v. Law Enforcement Assistance Admin., 758 F.2d 708, 711 (D.C. Cir. 1985).

Chapter 21 of Title 28 § 451. Definitions, defines the term "department" as follows:

The term ''department'' means one of the executive departments enumerated in section 1 of Title 5, unless the context shows that such term was intended to describe the executive, legislative, or judicial branches of the government.

The term ''agency'' includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense.

Title 28 § 2671. Definitions

As used in this chapter and sections 1346(b) and 2401(b) of this title, the term ''Federal agency'' includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.

Title 28 clearly defines that the federal courts being a part of the judicial branch of government clearly fall under the term "agency". The "Accardi Doctrine" requires the District Court to adhere to its own rules, precedent, and the laws that Congress empowered and implemented.

**The Consumers, Galvins, Maintain Their Demand for Dismissal of This Debt Collection Action**

The debt collector attorneys/law firms, being debt collectors, are not authorized to bring a legal action regarding the alleged debt per 15 USC §1692i(b). See *GIGLI v. PALISADES COLLECTION, LLC*, Dist. Court, MD Pennsylvania, 2008:

> But a consumer's failure to dispute a debt, in and of itself, does not license a debt collector to pursue legal action against the consumer. Indeed, the FDCPA negates any such suggestion. See 15 U.S.C. § 1692i(b) ("Nothing in [the FDCPA] shall be construed to authorize the bringing of legal actions by debt collectors.").

The consumers, Galvins hereby demand the dismissal with prejudice of this unauthorized legal action brought by the debt collector attorneys/law firms and for this court to VACATE as VOID all judgments against the consumer rendered in the state tribunal for lack of jurisdiction per *Schur v. LA Weight Loss Centers, Inc.,Id.*

The Consumers also demand that the court release the Summons so that they can complete service to those listed in the complaint.

Respectfully Submitted,

David Warren Galvin, Jr., Consumer
3995 Goya Drive
Pensacola, FL 32504
850-485-5727
dwgalvin1@gmail.com

## SERVICE TO DEBT COLLECTORS [Plaintiffs]

The undersigned hereby states that a true copy of the foregoing **NOTICE AND COMMUNICATION TO THE COURT CONCERNING DEBT COLLECTOR'S MOTION TO REMAND AND MEMORANDUM OF LAW IN SUPPORT DATED OCTOBER 25, 2016** was mailed on November 1, 2016 by regular US Mail to Debt Collectors:

Kelly M. Canfield
BRYAN CAVE LLP
Southeast Financial Center
200 S. Biscayne Blvd., Ste. 400
Miami, FL 33131

David Warren Galvin, Jr., Consumer

# DECREE AND PROPOSED ORDER

DECREE AND ORDER

1. Law Firm BRYAN CAVE LLP is denied their Notice of Appearance and substitution of Attorney Firm and their Motion to Remand is DENIED.

DONE AND ORDERED in Chambers at the US District Court for the Northern District of Florida on ______________________________, 2016.

By:______________________________________
Judge

**EXHIBIT A**

**PART V. PRACTICE OF LAW**
**A. ATTORNEYS**
**RULE 2.505. ATTORNEYS**

**(a) Scope and Purpose.** All persons in good standing as members of The Florida Bar shall be permitted to practice in Florida. Attorneys of other states who are not members of The Florida Bar in good standing shall not engage in the practice of law in Florida except to the extent permitted by rule 2.510.

**(b) Persons Employed by the Court.** Except as provided in this subdivision, no full-time employee of the court shall practice as an attorney in any court or before any agency of government while continuing in that position. Any April 1, 2014 Florida Rules of Judicial Administration 114 attorney designated by the chief justice or chief judge may represent the court, any court employee in the employee's official capacity, or any judge in the judge's official capacity, in any proceeding in which the court, employee, or judge is an interested party. An attorney formerly employed by a court shall not represent anyone in connection with a matter in which the attorney participated personally and substantially while employed by the court, unless all parties to the proceeding consent after disclosure.

**(c) Attorney Not to Be Surety.** No attorneys or other officers of court shall enter themselves or be taken as bail or surety in any proceeding in court.

**(d) Stipulations.** No private agreement or consent between parties or their attorneys concerning the practice or procedure in an action shall be of any force unless the evidence of it is in writing, subscribed by the party or the party's attorney against whom it is alleged. Parol agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of the proceedings, and agreements made at depositions that are incorporated in the transcript need not be signed when signing of the deposition is waived. This rule shall not apply to settlements or other substantive agreements.

**(e) Appearance of Attorney. An attorney may appear in a proceeding in any of the following ways:**

(1) By serving and filing, on behalf of a party, the party's first pleading or paper in the proceeding.

**(2) By substitution of counsel, but only by order of court and with written consent of the client, filed with the court.** The court may condition substitution upon payment of, or security for, the substituted attorney's fees and expenses, or upon such other terms as may be just.

(3) By filing with the court and serving upon all parties a notice of appearance as counsel for a party that has already appeared in a proceeding pro se or as co-counsel for a party that has already appeared in a proceeding by non-withdrawing counsel.