UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

U.S. BANK NATIONAL ASSOCIATION,

    Plaintiff,

v.                                                            Case No. 3:16cv395-MCR-CJK

DAVID WARREN GALVIN, JR., et al.,

    Defendants,

_____/

<u>AMENDED REPORT AND RECOMMENDATION</u>

    This mortgage foreclosure action is before the court on Plaintiff U.S. Bank National Association's ("U.S. Bank's") Motion to Remand (doc. 14) and the *pro se* defendants' response (doc. 15).  Having carefully considered both the motion and response, the undersigned finds removal improper and recommends the matter be remanded to the state court from which it was removed.

    The case stems from a $127,000.00 Note and Mortgage under which defendants defaulted in 2011.  U.S. Bank filed its complaint on June 5, 2012, in the First Judicial Circuit in and for Escambia County, Florida.  It personally served

defendants with a summons and copy of the complaint on August 9, 2012. The state court entered a final judgment of foreclosure on March 9, 2015, and the property was set for judicial sale. Defendants appealed the judgment and filed for bankruptcy on March 26, 2015; the sale thus was cancelled. The Florida First District Court of Appeal affirmed the judgment of foreclosure on February 22, 2016. The sale was reset for May 6, 2016, June 29, 2016, and August 30, 2016. Neither the May 6 nor the June 29 sale occurred because defendants moved to cancel both sales. On August 25, 2016, defendants filed a second petition for bankruptcy, as a result of which the August 30 sale also was cancelled.

Defendants removed the matter to this court on August 12, 2016, purporting to invoke the court's federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692i. U.S. Bank argues removal was untimely, as the thirty-day period in which to remove the case expired nearly four years ago, on September 10, 2012. U.S. Bank seeks remand to Escambia County Circuit Court.

District courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and all civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states, 28 U.S.C. § 1332. If a case over which the district courts have original jurisdiction is filed in state court, it may be

removed to federal court. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days afer receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The thirty-day time period set forth in § 1446(b) is strictly construed. *See Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999) (failure to comply with express statutory requirements for removal renders removal defective and subject to remand).

As the removing parties, defendants have the burden of demonstrating the court has jurisdiction over the matter. *See, e.g., Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."). Removal jurisdiction is narrowly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999). Here, defendants do not dispute that the notice of removal came almost four years after they were served with

a summons and copy of the complaint. They insist, however, that they removed the matter as soon as they learned federal jurisdiction existed – *i.e.*, "[u]pon becoming aware that the illegal action of foreclosure taken by all of the debt collectors/attorney firms was actually a debt collection disguised as a foreclosure," falling within the ambit of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

Defendants' position is unavailing. Even if a foreclosure is subject to the FDCPA, such fact existed at the time U.S. Bank filed its complaint, rendering the matter removable when filed.[1] Because defendants did not remove the matter within thirty days of being served with a copy of the complaint, the matter should be remanded to the state court from which it was removed.[2]

Accordingly, it is respectfully RECOMMENDED:

1. That U.S. Bank National Association's ("U.S. Bank's") Motion to Remand (doc. 14) be GRANTED.

2. That this matter be remanded to the state court from which it was removed.

---

[1] In *Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460-61 (11th Cir. 2009), an unpublished opinion, the Eleventh Circuit suggested a mortgage foreclosure does not constitute debt collection activity for purposes of the FDCPA.

[2] Defendants also argue this is a mater of "interstate commerce" and thus presents a federal question. Defendants, however, cite no federal law upon which U.S. Bank relies in bringing this action or upon which they intend to rely in defending against it. Defendants further challenge the state court's jurisdiction over the case, an issue that, even if meritorious, has no bearing on this court's lack of subject matter jurisdiction.

3.  That the clerk of court be directed to close the file.

At Pensacola, Florida, this 7th day of December, 2016.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**